AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Maine

United States of America )
v. )
Jordan Kirsch )   Case No. 2:11-MJ-179-DBH
)
)

_____
*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  10/12/2011  in the county of  Sagadahoc  in the _____ District of
_____ Maine _____ , the defendant violated _____ 18 _____ U. S. C. § _____ 922(g)(4) _____
, an offense described as follows:

the Defendant knowingly possessed a firearm in and affecting interstate commerce after having been committed to a mental institution. Specifically, the Defendant possessed one Century International Arms, Model M72, 7.62 mm rifle, serial number M7200247. The Defendant had been committed to Spring Harbor Hospital on about January 13, 2011.

This criminal complaint is based on these facts:

Please see attached Affidavit of Special Agent Paul J. McNeil, Bureau of Alcohol, Tobacco, Firearms and Explosives

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Paul J. McNeil, Special Agent, ATF
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  10/12/11

_____
*Judge's signature*

City and state:  _____ Portland, Maine _____      D. Brock Hornby, U.S. District Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Paul J. McNeil, being duly sworn, depose and state as follows:

### INTRODUCTION

1.      I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice. I have been so employed for approximately seven years. Before that, I was a Federal Air Marshal for two years and prior to that I was a Deputy United States Marshal for over five years.

2.      I am presenting this Affidavit in support of the issuance of a criminal complaint charging Jordan Kirsch with possession of a firearm by a person who has been committed to a mental institution, in violation of Title 18, United States Code, Section 922(g)(4).

3.      The information contained in this Affidavit is based on information I have gained from my own investigation, my training and experience, my discussions with other law enforcement officers and agents, and my review of relevant police reports. Since this Affidavit is being submitted for a limited purpose, I have not included each and every fact that I or others have learned during the course of this investigation. Rather, I have set forth only those facts that demonstrate that probable cause exists to support the issuance of the requested criminal complaint.

### PROBABLE CAUSE

4.      On October 7, 2011, I swore out an affidavit in support of an application for a search warrant for 747 Alexander Reed Road in Richmond, Maine. A copy of the affidavit is attached and is incorporated here by reference.

5.      Other ATF agents and I executed the search warrant at approximately 8:15 a.m. on October 12, 2011. When we arrived at 747 Alexander Reed Road, Alberta Tuttle, Jordan

Kirsch's grandmother, answered the door. We told her that we needed to speak with her grandson about his firearms. Ms. Tuttle went upstairs as we waited at the bottom of the stairs. When Kirsch did not appear for several minutes, we walked upstairs. We saw Kirsch at the top of the stairs, speaking on a telephone. I instructed Kirsch to come downstairs, and he complied.

6.      I informed Kirsch that he was prohibited from possessing firearms, and that we were going to detain him while we executed a search warrant for the firearms. He responded by offering to retrieve his rifle up in his room.

7.      After briefly walking through the house to determine who was inside, other agents and I went upstairs. In the closet of one of the bedrooms we found one unloaded Century International Arms Model M72 7.62 mm rifle, serial number M7200247. In the same bedroom we found three loose rounds of ammunition, two on a nightstand and one on the floor by the bed. Under the bed were a total of six magazines loaded with ammunition.

8.      In the woods several hundred yards from the home we found a black Honda Civic, with license plate number 451 AKK. Information from the Bureau of Motor Vehicles indicated that the car had been registered to Kirsch, but that the registration had expired in May of 2011.

9.      Kirsch's grandmother had given us a set of car keys soon after we arrived, when we explained that we were looking for a black Honda that her grandson had owned. I used the keys to open the locked car. I saw two rifles on the driver's seat and a shotgun in the trunk. I also saw an open metal tin on the front passenger seat, containing 100 hundred rounds of 7.62 mm ammunition.

10.    On October 12, 2011, I provided ATF Special Agent Stephen Hickey with a description of the Century International Arms rifle recovered from Kirsch on the same day. Special Agent Hickey has received specialized training regarding how to determine the place of manufacture of firearms. Based on the information provided, Special Agent Hickey stated that it his opinion that the Century International Arms rifle was manufactured outside the state of Maine. The rifle therefore moved in interstate and/or foreign commerce prior to being possessed by Kirsch.

## CONCLUSION

Based on the facts set forth above, I respectfully submit that probable cause exists to believe that on October 12, 2011, Jordan Kirsch possessed a firearm after being committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4). I therefore request that the Court issue a criminal complaint charging Jordan Kirsch with this offense.


Paul J. McNeil
Special Agent Bureau of Alcohol, Tobacco,
Firearms & Explosives


Subscribed and sworn to before me this _12_ day of October, 2011, at Portland, Maine.


United States Magistrate Judge
District

3

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Paul J. McNeil, being duly sworn, depose and state as follows:

### INTRODUCTION

1.  I am employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice. I have been so employed for approximately seven years. Before that, I was a Federal Air Marshal for two years and prior to that I was a Deputy United States Marshal for over five years.

2.  I am presenting this Affidavit in support of a search warrant for the residence and other structures located at 747 Alexander Reed Road in Richmond, Maine. As set forth in more detail below, I respectfully submit that probable cause exists to believe that Jordan Kirsch has violated Title 18, United States Code, Section 922(g)(4) by possessing firearms after having been committed to a mental institution. I further submit that probable cause exists to believe that a search of the residence and other structures at 747 Alexander Reed Road in Richmond will reveal evidence of this criminal violation.

3.  The information contained in this Affidavit is based on information I have gained from my own investigation, my training and experience, my discussions with other law enforcement officers and agents, and my review of relevant police reports. Since this Affidavit is being submitted for a limited purpose, I have not included each and every fact that I or others have learned during the course of this investigation. Rather, I have set forth only those facts that demonstrate that probable cause exists to support the issuance of the requested search warrant.

## LOCATION TO BE SEARCHED

4.      The residence, detached garage, barn, other outbuildings and any vehicles on the

property at 747 Alexander Reed Road, Richmond Maine.

A.      According to taxation records for the town of Richmond, 747 Alexander

Reed Road is owned by Charles and Alberta Tuttle, who I have been informed are the grandparents

of Jordan Kirsch. The property consists of a residence and several outbuildings on 110 acres of

land, a substantial portion of which is wooded. The main residence is located on the northeastern

side of Alexander Reed Road approximately 1.7 miles southeast of the intersection of Alexander

Reed Road and Brunswick Road. The residence is a white two-story ranch style home with green

shutters. There is a mailbox in front of the home on the same side of the street bearing the number

747. (See photo Attachment B).

B.      The detached garage is located to the northwest of the residence (to the left

of the house as looked at from the street). The garage is wood shingled with 2 white garage doors.

There is a white entry door to the right of the vehicle doors. The roof of the garage is green metal.

There is a sign "Tuttle Farm" located above and between two windows on the side of the

garage.(See photo Attachment C).

C.      The barn is located between the garage and the main residence. The

building is approximately three stories, wood shingled with a large green metal roof. There are

white windows and a white entry door facing the road. (See photo Attachment C).

D.      A small, wood sided open faced shed is located to the rear of the detached

garage. (See photo Attachment C).

E.      Any other sheds, storage buildings, storage units, pool cabana or other

structures located on the property that may conceal items listed in the "Items to be Seized."

2

F.      Any vehicles, operational or otherwise, located on the property that may

conceal items listed in the "Items to be Seized."

## ITEMS TO BE SEIZED

All items relating to violations of Title 18, United States Code, Section 922(g)(4) involving

Jordan Kirsch, including:

A.      Firearms, ammunition, magazines and other ammunition loading devices,

receipts associated with the purchase, sale or transfer of firearms and ammunition, hunting

licenses, firearms cleaning kits, manuals relating to firearms, holsters, packaging for firearms and

ammunition, and evidence of custody and control over the property;

B.      All records related to Kirsch's possession of firearms or ammunition; and

C.      All records related to Kirsch's involuntary commitment to a mental

institution.

## PROBABLE CAUSE

5.      I have reviewed information obtained from Spring Harbor Hospital (SHH) in

Westbrook, Maine regarding the hospital's treatment of Jordan Kirsch. This information indicates

that Kirsch was admitted to SHH on January 14, 2011. On January 13, 2011, a State of Maine

Application for Emergency Involuntary Admission to a Mental Hospital, or "blue paper," was

filed by staff members of SHH. The application alleged that Kirsch had a mental illness, and that

his illness caused him a substantial risk of harm because "he had a loaded rifle to his head, possibly

pointed at his head, he threatened suicide today, and he is increasingly depressed and psychotic."

The application also reflected that a physician assistant examined Kirsch and concluded that he

had a mental illness that caused a substantial risk of physical harm to himself and others. Later on

3

January 13, 2011, Justice of the Peace Peter C. Fessenden approved the application and authorized Northeast Services to take Kirsch into custody and transport him to SHH.

6.      I have also reviewed a September 25, 2011 incident report written by Officer Derek Wing of the Richmond Police Department. Officer Wing wrote that on September 25 he received a call of shots that had been going off for most of the day in the area of the overpass on Alexander Reed Road. Wing located the area of the shots at 747 Alexander Reed Road. He made contact with Alberta Tuttle, Jordan Kirsch's grandmother, who stated that her daughter and grandson had been given permission to go into a back field to shoot. Wing then made contact with Jordan Kirsch and his mother, Jennifer Kirsch. They stated that they had been shooting but were done. Wing determined that it appeared they had been shooting in a safe manner and departed.

7.      On October 6, 2011, I spoke with Concerned Citizen #1 (CC1) by telephone. CC1 stated that he/she knew Jordan Kirsch, and that Kirsch lived with his grandparents at 747 Alexander Reed Road. CC1 stated that he/she heard the sounds of firearms shooting on the property at 747 Alexander Reed Road every Sunday. CC1 stated that he/she was familiar with firearms, and that he/she heard two different types of firearms being fired on the property: slow-paced shots that likely came from a bolt-action rifle, and faster shots that likely came from a semi-automatic rifle.

8.      Also on October 6, 2011, I spoke with Concerned Citizen #2 (CC2) by telephone. CC2 stated that Jordan Kirsch lives with his grandparents at 747 Alexander Reed Road. He/she stated that approximately two weeks ago, he/she saw Kirsch in possession of a Mosin Nagant bolt action rifle. CC2 stated that he/she is quite familiar with firearms. CC2 observed Kirsch walking into the woods behind 747 Alexander Reed Road carrying the rifle. Shortly thereafter, CC2 heard the sound of gunfire consistent with that of a bolt action rifle being fired.

4

9.      CC2 also stated that on previous occasions he/she has observed Kirsch put the Mosin Nagant rifle in a black Honda Civic located in the woods approximately 300-400 yards behind the residence at 747 Alexander Reed Road. CC2 stated that Kirsch previously drove the Civic, but that it has been in the woods behind the residence for a lengthy period of time.

10.      CC2 also stated that early this past summer, he/she observed Kirsch in possession of an RPK rifle at 747 Alexander Reed Road. Shortly thereafter, he/she observed Kirsch shooting the rifle on the property.[1]

11.      Based on my training and my experience in previous investigations, I am aware that individuals who possess firearms commonly keep them in their residences for safekeeping and/or for self-defense purposes. Based on my experience in previous investigations, I am also aware that individuals who possess firearms sometimes store or hide their firearms in outbuildings on their property.

12.      Based on a review of publicly available information, I am aware that Mosin Nagant rifles were manufactured primarily in the former Soviet Union. I am also aware that RPK rifles were manufactured primarily in the former Soviet Union, as well as some Eastern European nations.

---

[1] CC1 and CC2 have received no benefits for speaking with me, nor to my knowledge are they expecting or hoping for any such benefit.

## CONCLUSION

Based on the facts set forth above, I respectfully submit that probable cause exists to believe that Jordan Kirsch has possessed firearms after being committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4), and that probable cause also exists to believe that evidence of this offense will be found at the residence and other structures located at 747 Alexander Reed Road in Richmond, Maine. I therefore request that the Court issue a search warrant permitting the seizure of the items listed at Attachment B from that location.

Paul J. McNeil
Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Subscribed and sworn to before me this ___7th___ day of October, 2011, at Portland, Maine.

United States Magistrate Judge

A TRUE COPY
ATTEST: Christa K. Berry, Clerk

By: _____
Deputy Clerk

6

## ATTACHMENT A
## PREMISES TO BE SEARCHED

The residence, detached garage, barn, other outbuildings and any vehicles at 747 Alexander Reed Road, Richmond Maine.

A.      According to taxation records for the town of Richmond, 747 Alexander Reed Road is owned by Charles and Alberta Tuttle, who I have been informed are the grandparents of Jordan Kirsch. The property consists of a residence and several outbuildings on 110 acres of land, a substantial portion of which is wooded. The main residence is located on the northeastern side of Alexander Reed Road approximately 1.7 miles southeast of the intersection of Alexander Reed Road and Brunswick Road. The residence is a white two-story ranch style home with green shutters. There is a mailbox in front of the home on the same side of the street bearing the number 747. (See photo Attachment B).

B.      The detached garage is located to the northwest of the residence (to the left of the house as looked at from the street). The garage is wood shingled with 2 white garage doors. There is a white entry door to the right of the vehicle doors. The roof of the garage is green metal. There is a sign "Tuttle Farm" located above and between two windows on the side of the garage. (See photo Attachment C).

C.      The barn is located between the garage and the main residence. The building is approximately three stories, wood shingled with a large green metal roof. There are white windows and a white entry door facing the road. (See photo Attachment C).

D.      A small, wood sided open faced shed is located to the rear of the detached garage. (See photo Attachment C).

7

E.      Any other sheds, storage buildings, storage units, pool cabana or other structures located on the property that may conceal items listed in the "Items to be Seized."

F.      Any vehicles, operational or otherwise, located on the property that may conceal items listed in the "Items to be Seized."

8

**ATTACHMENT B**



**ATTACHMENT C**



## ATTACHMENT D
## ITEMS TO BE SEIZED

All items relating to violations of Title 18, United States Code, Section 922(g)(4) involving Jordan Kirsch, including:

    A.    Firearms, ammunition, magazines and other ammunition loading devices, receipts associated with the purchase, sale or transfer of firearms and ammunition, hunting licenses, firearms cleaning kits, manuals relating to firearms, holsters, packaging for firearms and ammunition, and evidence of custody and control over the property;

    B.    All records related to Kirsch's possession of firearms or ammunition; and

    C.    All records related to Kirsch's involuntary commitment to a mental institution.